DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Donna Engwert-Loyd, as guardian of minor Jennifer Young, appeals the Lucas County Court of Common Pleas' grant of summary judgment to appellee, Anita Rodriguez-Ramsey. For the following reasons, we affirm.
 {¶ 2} The facts of the case are as follows. Appellee purchased a home on Sherman Street where she lived for several years. Appellee moved out of the residence in April 2001 and permitted her brother and sister-in-law, Jose and Beverly Ramirez, to move in. The following month they executed a lease agreement for the residence.
 {¶ 3} On June 2, 2001, Jennifer Young and her family attended a cookout hosted by Jose and Beverly Ramirez in the Sherman Street residence's backyard where Jose Ramirez's dog was chained. According to Jennifer Young, she played tug-of-war with the chained dog until asked to stop by Beverly Ramirez. Sometime after she ceased playing with the dog, another child ran by the dog and the dog attempted to bite that child. In response, Jennifer knelt in front of the dog to admonish the dog to "be good." The dog then bit Jennifer on the face, causing injuries which required seven days hospitalization and which permanently scarred and disfigured her face, scalp and neck.
 {¶ 4} On May 3, 2004, appellant filed the instant complaint alleging negligence, failure to warn, and strict liability pursuant to R.C. 955.28. Gilbert and Maria Ramirez, neighbors of the Sherman Street residence and also the parents of Jose Ramirez and Anita Rodriguez-Ramsey, filed a motion for summary judgment and were voluntarily dismissed by appellant. Additionally, Jose Ramirez was dismissed by the trial court as appellant failed to perfect service upon him within six months of filing the complaint in accordance with Civ. R. 4(E). On October 14, 2005, appellee filed a motion for summary judgment. In appellant's motion in opposition, appellant dismissed all common law negligence claims and proceeded solely on a strict liability theory pursuant to R.C. 955.28.
 {¶ 5} In granting appellee's motion for summary judgment, the trial court held: "Despite plaintiff's suppositions, this court has found no evidence that Mrs. Ramsey retained possession or control of the backyard." Appellant timely appealed the trial court's judgment, raising the following assignment of error:
 {¶ 6} I. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE ANITA RODRIGUEZ RAMSEY BECAUSE THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER ANITA RODRIGUEZ RAMSEY WAS THE HARBORER OF THE DOG THAT BIT JENNIFER YOUNG FOR PURPOSES OF R.C. 955.28."
 {¶ 7} In reviewing the grant of summary judgment, the appellate court stands in the shoes of the trial court and reviews all questions of law de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment may only be granted when there remains no genuine issue of material fact and, when construing the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). See also,Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 8} Appellants contend that a landlord is strictly liable for injuries pursuant to R.C. 955.28(B), which provides, "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *." It is undisputed that appellee is not the owner or keeper of the dog; the only question is whether appellee is a "harborer."
 {¶ 9} In determining whether one is a harborer of a dog, the focus is not on who possesses and controls the dog but on who possesses and controls the premises where the dog lives. Stuperv. Young, 9th Dist. No. 20900, 2002-Ohio-2327, at ¶ 13. In order to show that the landlord is a harborer of their tenant's dog, the plaintiff must prove that the landlord permitted or acquiesced in the dog being kept in a common area or an area shared by the landlord and tenant. Godsey v. Franz (Mar. 13, 1992), 6th Dist No. WM-91-008. Appellee acknowledges that she permitted the tenants to keep the dog chained in the backyard of the residence. The question remaining is whether the backyard is considered a common area.
 {¶ 10} Appellant contends that the backyard was a common area possessed and controlled jointly by the landlord and the tenant. Appellant bases her assertion on the fact that appellee made repairs to the fence and, from time to time, made changes to the landscape. Appellant further states that, because the rental agreement was silent on the matter of whether appellee retained the right to possess and control the backyard, "there is no evidence that Ramsey had no right to make changes [to the backyard]." In response, appellee contends that the yard was not a common area, relying in part on our decision in Guerra v.Kresser, 6th Dist. No. OT-05-016, 2005-Ohio-6524. In Guerra,
the landlord rented a single unit to several joint tenants and in the rental agreement retained the right to inspect the property. The tenants purchased a dog, which subsequently escaped from its owners and ran into the road. The dog was hit by plaintiff's motorcycle, killing the dog and injuring the plaintiffs. The plaintiffs filed several claims including, inter alia, a strict liability claim against the landlord of the property pursuant to R.C. 955.28. We held that although the landlord retained the right to inspect the property, this right could not be construed as "possession" or "control" for the purposes of R.C. 955.28 as retention of the right was not sufficient to "overcome application of the general rule that the lease transferred possession and control of the premises to the tenants." Id. at ¶ 14. Appellee also correctly notes that there is nothing in the lease or appellee's deposition stating she believed or expected to retain possession or control of the yard upon execution of the lease. We find this argument persuasive.
 {¶ 11} Generally, a common area is an area over which multiple people have possession and control. Burrell v.Iwenofu, 8th Dist. No. 81230, 2003-Ohio-1158, at ¶ 15. Absent an agreement to the contrary, a lease agreement transfers both possession and control of the premises to the tenant. Id., at ¶ 16; Hilty v. Topaz, 10th Dist. No. 04AP-13, 2004-Ohio-4859, at ¶ 9. To possess a property means to use or occupy it. Parker v.Sutton (1991), 72 Ohio App.3d 296, 298. Furthermore, the hallmark of control is the ability to admit or exclude others from the property. Flint v. Holbrook (1992), 80 Ohio App.3d 21,26. As the property at issue here is a single-family home set on a normal-sized city lot, there is a presumption that the tenants possessed and controlled the entire property.
 {¶ 12} When confronted with a properly supported motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. Civ. R. 56(E). The nonmoving party may not rest on mere assertions or allegations, but must set forth specific facts.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Appellant has offered no evidence to support her assertion that the yard was a common area shared by the tenants and the landlord or that the few entries the landlord made were not done with notice to, or permission by, the tenants. Thus, as the nonmoving party, appellant has failed to carry the summary judgment burden on this issue.
 {¶ 13} Appellant offers several cases where a yard was held to be a common area. Appellant contends that the dissent inBurrell v. Iwenofu, 8th Dist. No. 81230, 2003-Ohio-1158, is instructive. In Burrell, the tenant of the lower unit in a two unit duplex had a dog and at times kept it in the backyard shared by tenants of both units. While in the backyard, a minor child of the upper tenant was bitten by the dog. The upper tenant sued the landlord on the theory of strict liability pursuant to R.C.955.28. The court of appeals held that the backyard was a common area to the tenants but declined to hold it was also a common area to the landlord. The dissent in Burrell argued that what is a common area to the tenants is also a common area to the landlord. We need not decide whether the dissent in Burrell is persuasive as the case is factually distinguishable. Unlike the duplex in Burrell where the two sets of tenants acknowledge sharing a yard, the premises at issue here is a single-family home with a single set of tenants and no evidence that they share the yard with anyone.
 {¶ 14} Appellant also contends our holding in Godsey v.Franz (Mar. 13, 1992), 6th Dist. No. WM-91-008, supports her assertion that the backyard was a common area. In Godsey, the defendant, Virgil, owned three farms: a 157 acre farm where Virgil and his wife lived; a 100 acre farm "around the corner" where his son, Daryl, and daughter-in-law lived; and a third farm located a quarter mile from the other two. Although Virgil owned the property where Daryl lived, there was no rental agreement between the two and no obligation for Daryl to pay rent or maintain the property. However, Daryl did assist Virgil in farming the 100 acre farm and Virgil kept all of his farming equipment in the outbuildings on the 100 acre farm. Daryl owned eight dogs, which he permitted to run freely between the three properties. One of the dogs bit a child and the child's guardians filed suit against both Daryl and Virgil. As to Virgil, the plaintiffs argued that he was a harborer of the dogs and therefore strictly liable pursuant to R.C. 955.28. We held that most of the 100 acre farm upon which Daryl lived was a common area possessed and controlled by Virgil, as evidenced by his farming. Since the dogs spent the majority of their time on the common area of the 100 acre farm and on the two other farms owned, possessed, and controlled by Virgil, he was liable as a harborer of the dogs pursuant to R.C. 955.28. In the present matter, however, appellant has offered no evidence of similar facts to support the finding of a common area. Appellant's assignment of error is not well-taken.
 {¶ 15} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Skow, J. concur.