DECISION AND JUDGMENT
{¶ 1} Appellant, John Lynch, appeals the Erie County Court of Common Pleas' grant of summary judgment in this premises liability action. For the following reasons, we affirm.
 {¶ 2} Appellee, Mary Fleming, leased premises including a house and garden to Mary Lilak. The premises contained some common areas which Lilak shared with another tenant, including a driveway, grassy areas, and a yard. *Page 2 
 {¶ 3} Lilak's lease with Fleming specifically prohibited "pets" from the "house." Lilak obtained a dog approximately one year after her lease began. Lilak admitted to keeping the dog in the house. She also chained the dog to an outside pole several times a day, from which the dog could access the common area of the yard.
 {¶ 4} Lilak never told Fleming that she had a dog. When Fleming visited the property, Lilak hid the dog inside the house out of fear Fleming would see the dog.
 {¶ 5} One day, Lilak chained the dog to the pole near the common area and left to do errands. After she left, the dog escaped. The dog ran across State Route 113. Lynch alleged that the dog ran across the road just as he was passing on his motorcycle. Attempting to avoid hitting the dog, Lynch lost control of his motorcycle and crashed.
 {¶ 6} Lynch sued the dog's owner, Mary Lilak, and her landlords, the Mary Fleming Trust, the John O. Fleming Trust, and Mary Fleming as Agent of said trusts ("landlords"). Lynch and the landlords both filed motions for summary judgment. The trial court granted Lynch's motion for summary judgment against Lilak, but denied it as to the landlords. Lilak has not appealed that judgment. The trial court granted summary judgment in favor of the landlords, holding that they were not "harborers" of the dog that inflicted the injuries.
 {¶ 7} From that adverse judgment, Lynch assigns the following error for review:
 {¶ 8} "Either permission or acquiescence is sufficient to establish a landlord as a harborer of a dog and the acquiescence or permission necessary to create a landlord's status as a harborer under R.C. § 955.28(B) arising from the use of a common area by a *Page 3 
tenant's dog only requires acquiescence or permission that the tenant can use a common area for the tenant's dog, not knowledge of the presence of a specific dog."
 {¶ 9} In reviewing the grant of summary judgment, the appellate court stands in the shoes of the trial court and reviews all questions of law de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment may only be granted when there remains no genuine issue of material fact and, when construing the evidence in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66.
 {¶ 10} R.C. 955.28(B) provides in pertinent part: "The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *."
 {¶ 11} Appellees were not the owners or keepers of the dog. The issue is whether appellees were "harborers." In order to be a "harborer," there must be: (1) possession and control of the premises where the dog lives, and (2) permission or acquiescence. Godsey v. Franz (Mar. 13, 1992), 6th Dist. No. WM-91-008; Engwert-Loyd v. Ramirez, 6th Dist. No. L-06-1084, 2006-Ohio-5468, ¶ 9.
 {¶ 12} In Godsey v. Franz, we adopted the definition of "harbor" fromSengel v. Maddox (1945), 16 Ohio Supp. 137, 31 O.O. 201, 203: "The word `harbor' as a transitive verb is defined by Webster: `To afford lodging to; to entertain as a guest; to shelter; to receive; to give refuge to; to contain.'" *Page 4 
 {¶ 13} While courts have used the words "permission" and "acquiescence" interchangeably, the outcome is the same. Permit means, "1: to consent to, expressly or formally; 2: to give leave: authorize 3: to make possible: * * * to give an opportunity." Permission is defined as "1: the act of permitting 2: formal consent: authorization." Acquiesce is defined as: "to accept, comply, or submit tacitly or passively." Merriam-Webster's Collegiate Dictionary (10 Ed. 1996) 866, 10.
 {¶ 14} The trial court found that the lease "appears to allow for pets on the premises, however, the owner of this dog went to great lengths to keep the presence of the dog a secret." The lease had only one provision about pets: "No pets allowed in the house." It said nothing about pets being kept in the common area. Contrary to appellant's argument, silence on the issue does not indicate permission. Silence on a particular point in a lease agreement is considered evidence of intent to exclude the item from the lease. Statler Arms, Inc. v. APCOA, Inc. (1997),92 Ohio Misc.2d 45, 54, citing Buckeye Union Ins. Co. v. Consol. StoresCorp. (1990), 68 Ohio App.3d 19. Applying common rules of contract interpretation, the lease is most reasonably construed as not permitting dogs anywhere on the leased premises.
 {¶ 15} Appellant also contends that a landlord's status as a harborer does not depend on whether the landlord knew about the existence of a dog, citing Thompson v. Irwin (Oct. 27, 1997), 12th Dist. No. CA97-05-101. Thompson required landlord permission or acquiescence for the dog being kept in the common areas. Despite the landlord's knowledge of the dog, because the landlord did not permit or acquiesce to the *Page 5 
dog being kept in the common area, the landlord was not liable. See, also, Burgess v. Tackas (1998), 125 Ohio App.3d 294, 297 (landlord knew about dog but did not acquiesce to dog being kept in common area). There must be some evidence that the landlord permitted or acquiesced to the dog's presence in the common area.
 {¶ 16} Here, every time Fleming would visit, Lilak would hide the dog. Fleming never saw the dog in the common areas — or anywhere, for that matter. Because the landlords did not know about the dog, they could not possibly have permitted or acquiesced to the dog's presence. This argument is not well-taken.
 {¶ 17} Last, appellant argues that the law should not require a landlord's knowledge of a particular dog to have acquiescence. The acquiescence standard is not as narrow as appellant claims. The standard does not require knowledge of a "specific" dog running loose on the common areas. If a landlord permitted one specific dog in the common area, and, unknown to the landlord, the tenant kept another dog which ran loose and caused injuries, the landlord would be a harborer of the unknown dog. But, at least, the landlord needs to acquiesce to a dog or dogs being in the common area.
 {¶ 18} Lilak testified that she intentionally hid the dog from Fleming. Fleming knew nothing of the dog. Appellant has not raised a genuine issue of material fact on the issue of whether Fleming acquiesced to the dog's presence. Since Fleming was not harboring Lilak's dog, the trial court properly granted summary judgment to appellees.
 {¶ 19} For the foregoing reasons, appellant's assignment of error is not well-taken. The judgment of the Erie County Common Pleas Court is affirmed. Appellant is ordered *Page 6 
to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., Concur. *Page 1