[Cite as *Williams v. Buchner*, 2023-Ohio-1293.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CLIFFORD WILLIAMS,                    :

    Plaintiff-Appellant,            :

    v.                              :                    No. 111806

DARIN MICHAEL BUCHNER, ET AL.,   :

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 20, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-951105

---

### *Appearances:*

Goodman Law Firm and Grant A. Goodman, *for appellant*.

Gallagher Sharp LLP and Clark D. Rice, *for appellee* Michael Paul Seeley.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Clifford Williams appeals the decision of the trial court that granted summary judgment in favor of defendant-appellee Michael Paul Seeley. Upon review, we affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} On August 6, 2021, Williams filed this action seeking to recover for personal injuries allegedly caused by a dog incident that occurred on August 13, 2019. The complaint included both a statutory claim under R.C. 955.28 and a common-law claim against Darin Michael Buchner, who is the dog's owner, and Michael Paul Seeley, who was Buchner's landlord and the owner of the duplex home where Buchner and the dog resided. Seeley filed an answer to the complaint and a crossclaim against Buchner. Buchner did not file a responsive pleading.

{¶ 3} Williams indicated that on the day of the incident, he was walking on the residential sidewalk along East 90th Street in Cleveland when he saw "something coming at me." As Williams tried to get away from what he alleged was a vicious dog, he tripped on the curb and broke his ankle. The curb where Williams fell was between the street and the tree lawn. The dog startled Williams, but there was no contact with him. The dog was attached to a leash that extended across a front yard, stopping short of the sidewalk.

{¶ 4} Seeley indicated that he is the owner of the property at issue, but that he never resided at the property. He described the property as a duplex home with separate upstairs and downstairs rental units. He rented the downstairs unit to Buchner. Although Seeley was responsible for some maintenance of the property, such as electrical, roofing, and plumbing work, he indicated that he was not responsible for weekly maintenance, yard work, or leaf cleanup. He stated that both

tenants were permitted to use the front yard and the upstairs tenant was responsible for maintaining the yard.

{¶ 5} The lease agreement did not permit pets to be kept on the leased premises without obtaining prior written consent from and meeting the requirements of the owner. Seeley permitted both the upstairs and downstairs tenants to have dogs live at the property; he permitted dogs on the front porch; and he required the tenants to take care of their dogs. Seeley allowed Buchner to have the white dog involved in this incident at the property provided the dog was properly restrained. Seeley stated that he had no responsibility for the care of the dog, that he did not pay any costs to maintain the dog, and that he had no knowledge of any problem with the dog startling people walking past the home.

{¶ 6} Following discovery in the case, Seeley filed a motion for summary judgment that was opposed by Williams. Relative to this appeal, Seeley argued in his motion that strict liability could not be imposed under R.C. 955.28 because "[t]here is not competent testimony or evidence that Seeley owned or harbored the dog." The issue presented squarely focused on harborship, not proximate cause. In opposition, Williams maintained that Seeley could be deemed a harborer of the dog and that strict liability could be imposed for all injuries proximately caused by the dog incident. Buchner focused his argument on the harborship because that was the challenge presented.

{¶ 7} On July 19, 2022, the trial court summarily granted Seeley's motion. Thereafter, Buchner was voluntarily dismissed without prejudice from the action and Williams timely filed this appeal.[1]

## II. Law and Analysis

{¶ 8} An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Smathers v. Glass*, Slip Opinion No. 2022-Ohio-4595, ¶ 30, citing *A.J.R. v. Lute*, 163 Ohio St.3d 172, 2020-Ohio-5168, 168 N.E.3d 1157, ¶ 15. The appellate court conducts an independent review without deference to the trial court's findings, examines the evidence available in the record, and determines, as if it were the trial court, whether summary judgment is appropriate using the standard set forth in Civ.R. 56. *Smathers* at ¶ 30, citing *Wilmington Sav. Fund Soc., FSB v. Salahuddin*, 2020-Ohio-6934, 165 N.E.3d 761, ¶ 19-20 (10th Dist.). To prevail under Civ.R. 56, the movant must show that "'(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.'" *Smathers* at ¶ 31, quoting *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶ 9} There are two bases for recovery in Ohio for personal injuries caused by a dog: "common law and statutory." *See Beckett v. Warren*, 124 Ohio St.3d 256,

---

[1] Buchner is not a party to the appeal.

2010-Ohio-4, 921 N.E.2d 624, ¶ 7. Williams brought both types of claims in this action. On appeal, Williams does not challenge the summary-judgment ruling on his common-law claim against Seeley. He only challenges the ruling on the statutory claim under R.C. 955.28(B). Our review is therefore limited to the trial court's ruling on the statutory claim.

{¶ 10} For the statutory cause of action, R.C. 955.28(B) "imposes strict liability upon the owner, keeper, or harborer of a dog 'for any injury, death, or loss to person or property that is caused by the dog' unless the injured individual was trespassing or committing a criminal offense other than a minor misdemeanor on the property." *Beckett* at ¶ 10, quoting R.C. 955.28(B). Unlike the common-law cause of action, "the defendant's knowledge of the dog's viciousness and the defendant's negligence in keeping the dog are irrelevant in a statutory action." *Id.* at ¶ 11. "Consequently, in an action for damages under R.C. 955.28[(B)], the plaintiff must prove (1) ownership or keepership [or harborship] of the dog, (2) that the dog's actions were the proximate cause of the injury, and (3) the damages." *Beckett* at ¶ 11, citing *Hirschauer v. Davis*, 163 Ohio St. 105, 126 N.E.2d 337 (1955), paragraph three of the syllabus. The first of these requirements is dispositive in this matter.

{¶ 11} Williams does not dispute that Seeley is not the owner or the keeper of the dog.[2] Rather, he claims that there is a genuine issue of material fact as to

---

[2] An "owner" is considered the person to whom the dog belongs, and a "keeper" is the person having physical charge or care of the dog. *Vallejo v. Haynes*, 2018-Ohio-4623, 124 N.E.3d 322, ¶ 15 (10th Dist.), citing *Hilty v. Topaz,* 10th Dist. Franklin No. 04AP-13, 2004-Ohio-4859, ¶ 8.

whether Seeley was a harborer of the dog. A "harborer" has been consistently defined by Ohio courts as a person who "has possession and control of the premises where the dog lives *and* silently acquiesces to the dog's presence." (Emphasis added.) *Ward v. Humble*, 2d Dist. Montgomery No. 29417, 2022-Ohio-3258, ¶ 13, citing *Vallejo* at ¶ 15; *accord H.W. v. Young*, 2020-Ohio-1384, 153 N.E.3d 807, ¶ 15 (8th Dist.), quoting *Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909, ¶ 14; *Burrell v. Iwenofu*, 8th Dist. Cuyahoga No. 81230, 2003-Ohio-1158, ¶ 14, citing *Flint v. Holbrook*, 80 Ohio App.3d 21, 25, 608 N.E.2d 809 (2d Dist.1992). "[S]ummary judgment in favor of the defendant is appropriate where undisputed facts show the defendant did not possess or control the property where the dog lives." *E.F. v. Seymour*, 2018-Ohio-3946, 120 N.E.3d 459, ¶ 20 (10th Dist.).

{¶ 12} Initially, we recognize that in this case the leased premises is not a "single-family residence" on a normal-sized city lot such that there would be "a presumption" that the tenant possesses and controls the entire property. *See Young* at ¶ 24, citing *Brown v. Terrell*, 2018-Ohio-2503, ¶ 13, 114 N.E.3d 783 (9th Dist.) (hereafter "*Terrell*"); *Vallejo* at ¶ 16, citing *Morris v. Cordell*, 1st Dist. Hamilton No. C-150081, 2015-Ohio-4342, ¶ 11; *Engwert-Loyd v. Ramirez*, 6th Dist. Lucas No. L-06-1084, 2006-Ohio-5468, ¶ 11. Nor is this a case in which an issue of fact exists over whether a tenant's dog injured a person inside a rental unit or in a common area within the rental home. *See Weisman v. Wasserman*, 8th Dist. Cuyahoga No. 105793, 2018-Ohio-290, ¶ 11. Rather, in this case Williams was walking on a public sidewalk and tripped over the curb after being startled by a dog

that ran toward him across a front yard to a duplex home. Williams points to no cases in which liability has been imposed under R.C. 955.28 in similar circumstances. Even if we assume that liability could be imposed, we find summary judgment is warranted in this case.

{¶ 13} Typically, a landlord out of possession and control of the premises where the dog lives is not a harborer of a tenant's dog. *See Seymour* at ¶ 20; *Young* at ¶ 27. This is because generally a lease agreement transfers both possession and control of the leased premises to the tenant. *Seymour* at ¶ 20, citing *Coontz v. Hoffman*, 10th Dist. Franklin No. 13AP-367, 2014-Ohio-274, ¶ 14; *Ward* at ¶ 13, citing *Vallejo* at ¶ 15. Simply retaining the right to inspect the property or performing a routine and common act, such as making repairs or paying insurance, is not enough to constitute possession and control necessary to impose liability. *Terrell* at ¶ 13-14. Also, the mere fact that the landlord has control over whether a dog is allowed to live on the premises with its owners is not sufficient to transform a landlord into a harborer. *See Ward* at ¶ 15. To hold otherwise "would be ignoring the necessary possession element to being a harborer and would be creating a fiction that a landlord retains day-to-day control over a dog despite not being present at or in possession of the premises on which the dog lives." *Id.*; *see also Terrell* at ¶ 15.

{¶ 14} Furthermore, although one of the duties owed by a landlord to its tenants under R.C. 5321.04(A)(3) is to "[k]eep all common areas of the premises in a safe and sanitary condition[,]" for purposes of imposing strict liability under R.C. 955.28(B), it simply "would not make sense to apply a common area theory of

liability to a landlord that does not [possess] or have any control over that 'common area.'" *Ward*, 2d Dist. Montgomery No. 29417, 2022-Ohio-3258, at ¶ 20. The duplex home in this case is not akin to a multi-unit apartment building or hotel complex in which a landlord has possession and control over the common areas. *See Brown v. FMW RRI NC LLC*, 10th Dist. Franklin No. 14AP-953, 2015-Ohio-4192, ¶ 14, 20-21 (hereafter *"Brown"*) (finding summary judgment inappropriate where the dog-bite victim presented evidence showing a hotel allowed dogs in common areas and retained "exclusive possession and control" over the outdoor common area where the dog bite occurred).

{¶ 15} It was recognized in *Weisman* that when a dog is confined to a tenant's rental unit, a landlord cannot be said to have possession and control of the premises where the dog is kept, and therefore a plaintiff must show the landlord permitted the tenant's dog in the common area where the alleged attack occurred for liability to be imposed upon the landlord. *Weisman*, 8th Dist. Cuyahoga No. 105793, 2018-Ohio-290, at ¶ 10, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 297, 708 N.E.2d 285 (8th Dist. 1998). However, having such permission does not obviate the necessity of also showing the landlord had retained possession and control over the common area. *See Brown* at ¶ 20. Indeed, even if the landlord acquiesced to the dog's presence in the common area, if the landlord does not have "possession and control" over the common or shared area where the dog incident occurred, as a matter of law, the landlord is not a harborer of a tenant's dog pursuant to R.C. 955.28(B). *See Ward* at ¶ 21 (finding summary judgment was warranted

when the injuries did not occur in a common area possessed and controlled by the landlord); *Terrell*, 2018-Ohio-2503, 114 N.E.3d 783, at ¶ 15, 18 (finding summary judgment was warranted when no evidence was presented to show the landlord maintained possession and control of any common areas or shared areas outside of the house where the dog was chained and where the attack occurred).

{¶ 16} In other instances involving a dog attack occurring in the yard of a home, courts have found that some evidence must be presented to demonstrate the landlord had possession and control of any common areas or shared areas outside of the home to support a finding that the landlord harbored the dog. *See Brown* at ¶ 15; *Engwert-Lloyd*, 6th Dist. Lucas No. L-06-1084, 2006-Ohio-5468, at ¶ 12, 14; *Burrell*, 8th Dist. Cuyahoga No. 81230, 2003-Ohio-1158, at ¶ 18. As this court stated in *Burrell*, "'[a] landlord is liable only where the landlord permitted the dog in common areas of which he retained possession and control.'" *Burrell* at ¶ 15, quoting *Sizemore by Sizemore v. Spellman*, 11th Dist. Trumbull No. 95-T-5373, 1996 Ohio App. LEXIS 3012, 4 (July 5, 1996).

{¶ 17} Accordingly, in a case such as this, when there is no evidence that the landlord retained any possession and control over a yard shared by tenants to a duplex home, the landlord will not be considered a "harborer" under R.C. 955.28(B). *See Burrell* at ¶ 18; *Sizemore* at 5. In *Burrell*, summary judgment was found to be warranted when the yard to a duplex property where a dog bite occurred was under the shared possession and control of the tenants. *See Burrell* at 10-15. As determined in *Burrell*, although the yard was used by both tenants for their mutual

enjoyment, there was "[no] evidence that the landlord retained possession and control of this common property." *Id.* at ¶ 18; *see also Sizemore* at ¶ 5 (finding landlord was not a harborer when two tenants to a duplex home shared possession and control of the backyard with each other but not with the landlord).

{¶ 18} In this case, Seeley is an out-of-possession landlord who never resided at the duplex property. The record reflects the tenants shared possession and control of the yard and the upstairs tenant had responsibility for general yard maintenance and cleanup. There is no evidence that Seeley retained possession and control of the premises or any common areas or shared areas outside of the house. Because reasonable minds could not conclude that Seeley was a harborer of Buchner's dog under R.C. 955.28(B), summary judgment is warranted in favor of Seeley. The assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, J., CONCURS;
MARY EILEEN KILBANE, P.J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

MARY EILEEN KILBANE, P.J., CONCURRING IN JUDGMENT ONLY:

{¶ 20} I respectfully concur in judgment only.

{¶ 21} As detailed in the majority opinion, a cause of action under R.C. 955.28 requires a plaintiff to prove ownership or harborship of the dog; proximate cause of the alleged injuries from the dog's actions; and damages.

{¶ 22} The record demonstrated that Daisy was leashed to prevent her contact with passersby. The leashing of dogs promotes public safety. Further, Daisy never left the property; Williams never stepped on the property; and Daisy never came into contact with Williams. There was no basis to find that Daisy's barking or running, while she was sufficiently restrained by a leash, proximately caused Williams's injuries.

{¶ 23} Daisy's actions did not constitute the behavior anticipated under R.C. 955.28, nor did Williams present any case law in support of such an allegation. A lawsuit pursuant to R.C. 955.28 does not present a valid cause of action for individuals to seek compensation for damages caused merely because a dog startled

them and they tripped, fell, or otherwise lost their footing.  Cases such as the one filed by Williams pose the possible denigration of R.C. 955.28, Ohio's strict liability dog statute.

{¶ 24} For these reasons, I respectfully concur in judgment only.