[Cite as *Bass-Fineberg Leasing, Inc. v. Keller*, 2011-Ohio-3989.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96107

## BASS-FINEBERG LEASING, INC.

PLAINTIFF-APPELLEE

vs.

## SUSAN B. KELLER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-719309

**BEFORE:**    Boyle, P.J., S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:**    August 11, 2011

**ATTORNEY FOR APPELLANTS**

Stanley S. Keller
Stanley S.   Keller Co., L.P.A.
1801 East Ninth Street, Suite 1100
Cleveland, Ohio   44114-3916


**ATTORNEY FOR APPELLEE**

John S. Shelley
Javitch, Block & Rathbone, LLP
1100 Superior Avenue, 19th Floor
Cleveland, Ohio   44114-2521




MARY J. BOYLE, P.J.:

{¶ 1}  Defendants-appellants, Susan and Stanley Keller (collectively the "Kellers"), appeal the trial court's granting summary judgment to plaintiff-appellee, Bass-Fineberg Leasing, Inc. ("Bass-Fineberg").  We find no merit to the appeal and affirm.

{¶ 2}  The Kellers raise nine assignments of error to this court.   Although they do so, they fail to argue each one separately as required by App.R. 16(A)(7).   Instead, under the heading "Law and Argument," they argue all issues together and without reference to any of the individual assignments.   Because of this, we have the discretion under App.R.

12(A)(2) to dismiss this appeal without addressing any of the assignments of error. In the interest of justice, however, we will consolidate the issues *actually raised* and *properly argued* by the Kellers. The Kellers essentially raise four issues, but they only argue two of them. The two issues that they raise and properly argue are that the trial court erred when it granted summary judgment to Bass-Fineberg because:

{¶ 3} (1) The affidavit attached to Bass-Fineberg's summary judgment motion was not properly framed.

{¶ 4} (2) A genuine issue of material fact remained as to the amount of damages the Kellers owed to Bass-Fineberg.

{¶ 5} The two additional issues that the Kellers raise are: (1) that the lease agreement did not comply with R.C. 1335.05 because the lessor did not sign it; and (2) that the lease agreement was void because Stanley Keller's name was forged. In their "Law and Argument" section, however, they fail to actually argue these issues. In fact, they do not even mention their forgery argument, let alone argue it. And their claim that the lease is void because the lessor did not sign it is only mentioned once within the context of another argument — but they do not argue it. They simply say (within their argument that Reed's affidavit was improperly framed): "[n]owhere does Affiant Linda Reed state under oath or comment on the fact that the owner/lessor failed to sign the motor vehicle contract." Accordingly, this court will not address these two issues.

<u>Procedural History and Factual Background</u>

{¶ 6} Bass-Fineberg brought a complaint for money damages against the Kellers in February 2010, alleging that Susan Keller owed a balance of $3,863.28 to Bass-Fineberg on a motor vehicle lease agreement ("lease"), plus interest at the statutory rate of four percent per annum from the date of judgment. The complaint further alleged that Stanley Keller had personally guaranteed payment due under the lease if Susan Keller defaulted on the lease. Bass-Fineberg attached a copy of the lease to its complaint. Susan Keller, the lessee, and Stanley Keller, the co-lessee, entered into the lease in August 2005. Under the lease, the Kellers were to make 48 monthly payments of $220.34 to Bass-Fineberg. The lease contained an early termination clause, which stated: "You may have to pay a substantial charge if you end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the lease is terminated. The earlier you end the lease, the greater this charge is likely to be." The lease also cautioned that the lessee "may be charged for excessive wear based on our standards for normal use and for mileage in excess of 1000 miles per month at the rate of 0.20 per mile."

{¶ 7} Bass-Fineberg moved for summary judgment in August 2010, attaching an affidavit by Linda Reed, business manager for Bass-Fineberg, to the motion, as well as a copy of the lease and a statement of the amount due upon the lease. According to the statement, the Kellers owed $2,801.01 for being over the mileage under the lease, $465 in damages (which it asserts in its brief was for excess wear and tear), $822.08 for accounts

receivable balance (which it claims was for the Kellers turning the car in early), for a total amount (minus the $225 security deposit they had paid) owed of $3,863.28.

{¶ 8} The Kellers argued in their brief in opposition to Bass-Fineberg's summary judgment motion that Bass-Fineberg was "at best *** entitled to $822.08 minus the security deposit credit of $255.00 or a total of $597.08." They further argued that Bass-Fineberg did not prove the amount of damages owed for the excess wear and tear and mileage. The Kellers attached a joint affidavit to their brief in opposition to Bass-Fineberg's summary judgment motion. They averred that they did not owe Bass-Fineberg $3,863.28.

{¶ 9} The trial court granted Bass-Fineberg's summary judgment motion and ordered that the Kellers owed a judgment to Bass-Fineberg of $3,863.28, plus four percent interest per annum from the date of judgment, which was November 5, 2010. It is from this judgment that the Kellers appeal.

## Summary Judgment

{¶ 10} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party.

*Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.

Proper Affidavit for Summary Judgment

{¶ 11} The Kellers argue that Linda Reed's affidavit, attached to Bass-Fineberg's summary judgment motion, was not properly framed. The crux of their argument is that Reed did not establish that she had personal knowledge of the facts she set forth in her affidavit in accordance with a recent Ninth Appellate District case, *Target Natl. Bank v. Enos*, 9th Dist. No. 25268, 2010-Ohio-6307. Civ.R. 56(C) sets forth an inclusive list of the materials that may be considered in determining a motion for summary judgment. See, e.g., *Spier v. Am. Univ. of the Caribbean* (1981), 3 Ohio App.3d 28, 443 N.E.2d 1021. That evidence may include depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. If a document does not fall within one of the listed categories, it can only be introduced as proper evidentiary material when it is incorporated by reference in an affidavit. *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. The *Biskupich* court noted:

{¶ 12} "The proper procedure for introducing evidentiary matter not specifically authorized by Civ.R. 56(C) is to incorporate it by reference in a properly framed affidavit pursuant to Civ.R. 56(E). See, e.g., *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 423 N.E.2d 105 ('The requirement of Civ.R. 56[E] that sworn or

certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions.')" Id. See, also, *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 523 N.E.2d 902.

{¶ 13} Civ.R. 56(E) provides:

{¶ 14} "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. ***."

{¶ 15} "Personal knowledge" has been defined as "'[k]nowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said.'" *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶26, quoting Black's Law Dictionary (7th Ed.1999). "'[The] mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.' 'If particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts,

[however,] then *** something more than a conclusory averment that the affiant has knowledge of the facts would be required.'" (Internal citations omitted.) *Target Natl. Bank* at ¶10.

{¶ 16} In *Target Natl. Bank*, the court concluded that the trial court erred when it granted summary judgment to Target Bank because it was "wholly unclear from the facts in the affidavit whether [the affiant] had independent, personal knowledge of any of Target Bank's business practices and records, much less of any account that Enos might have with Target Bank." Id. at ¶11. The affiant did not identify his position with Target Bank or assert that he had personal knowledge of any of the matters contained in the affidavit. Id. Nor did the affiant identify how many documents were attached to the affidavit, or "specifically identify any documents by exhibit letter or number." Id. Further, the affiant's sworn affidavit pre-dated two of the monthly statements attached to Target Bank's summary judgment motion. Id.

{¶ 17} Here, in her affidavit, Reed identifies her position with Bass-Fineberg, i.e., business manager, and she averred that she was familiar with the Kellers' lease agreement and with the amount the Kellers owed to Bass-Fineberg based on her "personal knowledge of the same." Reed further averred that the two documents attached to Bass-Fineberg's summary judgment motion, identified as Exhibits A and B, were true and accurate copies as maintained by Bass-Fineberg in the ordinary care of its business, properly authenticating the two documents as business records of Bass-Fineberg. Thus,

Reed's affidavit was not similar to the improperly-framed affidavit in *Target Natl. Bank*.

{¶ 18} Accordingly, we conclude that Reed's affidavit was based upon personal knowledge. The Kellers' arguments relating to whether Reed's affidavit was properly framed are overruled.

Evidence of Damages

{¶ 19} The Kellers further argue that the trial court erred in granting summary judgment to Bass-Fineberg because genuine issues of material fact remain as to the amount of damages they owe. In their opposing affidavit, the Kellers averred that they did not owe $3,863.28. In their appellate brief, they assert that at most, they owed $597.08, apparently conceding that they have an accounts receivable balance. But they argue that Bass-Fineberg failed to prove damages and the excess mileage as a matter of law. We disagree.

{¶ 20} Bass-Fineberg submitted copies of the purported lease agreement and a "statement" of the balance owed under the lease. The statement lists "charges on 05 Taurus turn in" as:

"Over Miles              2,801.20

"Damages                 465.00

"Accts Rec Bal           822.08

"Sec Dep Credit          -225.00"

{¶ 21} The statement then concludes that the "new balance" is $3,863.28.

{¶ 22} In their opposing affidavit, the Kellers merely denied that they did not owe $3,863.28. But they failed to point to any evidence in the record to counter that fact. We note, however, that in their joint affidavit, the Kellers do not deny that the vehicle had excess wear and tear, nor did they deny that the mileage was over the allowed amount under the lease.

{¶ 23} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 1996-Ohio-107, 662 N.E.2d 264. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in [Civ.R. 56], must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E); *Dresher v. Burt*, 75 Ohio St.3d 280, 294-295, 1996-Ohio-107, 662 N.E.2d 264. The Kellers failed to do so here.

{¶ 24} Accordingly, we disagree with the Kellers that a genuine issue of material fact remains as to the amount of damages. Thus, we conclude that the trial court did not err when it granted summary judgment to Bass-Fineberg.

Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR