[Cite as *Vallejo v. Haynes*, 2018-Ohio-4623.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Byron Vallejo et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 17AP-372 |
| v. | : | (C.P.C. No. 16CV-1390) |
| Johanna Coleman Haynes et al., | : | (ACCELERATED CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on November 15, 2018

**On brief:** *Chapin Legal Group, LLC, Steven C. Babin, Jr.,* and *Lance Chapin,* for appellants. **Argued:** *Steven C. Babin, Jr.*

**On brief:** *Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere,* and *Katherine L. Barbiere,* for appellee Johanna Coleman Haynes. **Argued:** *Katherine L. Barbiere.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiffs-appellants, Byron Vallejo et al., appeals from an April 25, 2017 judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Johanna Coleman Haynes' motion for summary judgment. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The following are the relevant facts and procedural history. On May 25, 2015, appellant Byron Vallejo and his then four year old daughter, Daniella Vallejo, were walking on Shawbury Court East in Columbus, where they live, when they were attacked by an Old English Bulldog ("the dog"). The dog is owned by Paul Hughes, a tenant residing at 2037

Shawbury Court West ("the property"). The property is owned by appellee Johanna Coleman Haynes.

{¶ 3} On February 8, 2016, appellants commenced this action against Hughes[1] and appellee. Appellants' complaint asserted two causes of action: failure to restrain the dog for which appellants allege strict liability under R.C. 955.28(B) and 955.22(C)(1); and negligent failure to assure the dog was confined on the property. Appellants further allege that the dog was previously involved in an incident where Hughes was found guilty of failure to keep the dog physically confined or restrained upon the premises. Appellants allege that appellee is the owner and landlord of the property, and that Hughes is the tenant. (Compl. at ¶ 5 & 7.) On February 26, 2016, appellee filed an answer and counterclaim admitting the allegations in ¶ 5 and 7, i.e., that she is the owner and landlord of the property and Hughes was the tenant. In appellee's fourth defense, she claims that she is "a landlord out of possession." (Answer and Counterclaim at 5.)

{¶ 4} As part of discovery, appellants requested that appellee "[a]dmit that there is or was a lease or rental agreement for the rental of the property located at 2037 Shawbury Court West." (Feb. 8, 2016 Request for Admissions at 7.) Appellee responded as follows: "Denied. This answering Defendant has made reasonable inquiry and the information known or readily attainable is insufficient to allow this Defendant to admit this request." (Nov. 28, 2016 Response to Request for Admissions at 2.) However, at her deposition, appellee clarified that there was a lease signed in 2012 when Hughes moved into the property. Appellee indicated that her now deceased husband handled the lease signing, and she did not know where the signed lease was located. She indicated this was the only lease that was signed with Hughes and that she had briefly looked for it without success. (Haynes Depo. at 13-14.)

{¶ 5} On November 11, 2016, appellee filed a motion for summary judgment arguing that she was not the owner, keeper, or harborer of the dog under the strict liability claim. Additionally, as it relates to the negligence claim, appellee asserted that she had no knowledge of the dog and did not know the dog was a vicious animal.

---

[1] Defendant Hughes did not file a response to appellants' complaint. On June 27, 2016, appellants filed a motion for default judgment against Hughes, which was granted by the trial court on September 16, 2016. Hughes is not a party to this appeal.

{¶ 6}  On November 17, 2016, appellants filed a motion for leave to file a first amended complaint.  Appellants' proposed first amended complaint attempted to add two declaratory actions: (1) that appellee is not a landlord as a matter of law; and (2) that appellants' claims are covered under appellee's homeowner's insurance policy.

{¶ 7}  On November 28, 2016, appellants filed a response to appellee's motion for summary judgment arguing that there was a genuine issue of material fact as to whether appellee was a keeper or harborer of the dog. Specifically, despite the allegation in appellants' complaint and resulting admission in the answer, appellants argue that there is evidence that appellee is not the landlord of the property because there was no written lease between appellee and Hughes.

{¶ 8}  However, on December 5, 2016, appellee filed her own affidavit stating that Hughes entered into a written agreement to become the tenant at the property on June 12, 2012, and that a true and accurate copy of the lease agreement was attached. (Nov. 30, 2016 Aff. of Haynes at ¶ 4-5.)  Appellee further stated that she was provided a copy of the lease agreement by Hughes on November 28, 2016, and that prior to that time she had been unable to locate her copy. (Aff. of Haynes at ¶ 6.)  According to the lease, the tenancy commenced on June 1, 2012 and ended on May 31, 2013. The lease further stated that on expiration of the agreement, the tenancy would revert to a month to month tenancy. On December 6, 2016, appellee filed a reply in support of her motion for summary judgment attaching the affidavit and lease agreement.  On the same day, appellants filed a motion for a declaration of law determining that appellee was not a landlord for purposes of this action.

{¶ 9}  On December 13, 2016, appellants filed a motion to file a sur reply/motion to strike the reply. Appellants urged the trial court to strike the lease from the record because it was not authenticated, and that they had not had a chance to cross-examine appellee on the document since it was submitted after the discovery cut-off date.

{¶ 10} On April 25, 2017, the trial court granted appellee's motion for summary judgment and denied appellants' motion for leave to file a first amended complaint, motion for declaration of law, and motion for leave to file sur reply/motion to strike. (Apr. 25, 2017 Decision and Entry.) The trial court found that appellee was a landlord of the property as a matter of law. As such, appellee was not strictly liable as the owner, harborer or keeper of Hughes' dog. Further, the trial court found Haynes had no knowledge of an alleged

propensity for violence on behalf of Hughes' dog, and therefore dismissed the negligence claim as a matter of law. The trial court made the following findings of fact and conclusions of law:

> The Court finds that Defendant Haynes has met her initial burden of demonstrating to the Court that she was a landlord of the property and that she had relinquished occupation and control of the premises to Defendant Hughes at the time of the tragic incident. Defendant Haynes testified that she used to live on the property until 2012, when she executed a lease agreement with Defendant Hughes. Defendant Haynes since had moved to 3087 Framingham Circle, which is 15 minutes away. Defendant Hughes pays $875 per month for rent, he brings the rent to Defendant Haynes on the first day of the month * * *. Defendant Haynes further testified that she insures the property as a rental property, she pays for the property tax, and that she is responsible for repairs.
>
> The Court further finds that Plaintiffs did not meet their burden of showing a genuine issue for trial. Plaintiffs brought to the Court's attention the following: Defendant Haynes insures the property as a homeowner under a homeowner's insurance policy; she pays the tax on the property; she took advantage of the owner occupier tax credit for the year of 2014 on the property; she did not register the property as a residential rental property with the Franklin County Auditor; * * * she has authority to remove Defendant Hughes and/or his dogs from the property; she has authority to enter the property; she chose to give notice to Defendant Hughes before entry out of courtesy; and her deceased husband may have put some of his belongings in the garage. The Court finds that these are common acts conducted by a landlord and do not constitute possession or control of the property necessary to establish liability under R.C. 955.28(B) or R.C. 955.22(C)(1).
>
> * * *
>
> Construing the evidence most strongly in Plaintiffs' favor, reasonable minds could come to but one conclusion — Defendant Haynes was not a harborer of the dog. In light of the foregoing, Defendant Haynes is entitled to judgment as a matter of law on the strict liability claim.
>
> * * *

> Under the common law, a plaintiff suing for injuries inflicted by a dog must show that the defendant owned or harbored the dog; that the dog was vicious; that the defendant knew of the dog's viciousness; and that the defendant was negligent in keeping the dog. *Pangallo v. Adkins*, 12th Dist. Clermont No. CA2014-02-019, 2014-Ohio-3082, ¶ 18, quoting *Flint v. Holbrook*, 80 Ohio App. 3d 21, 25-26, 608 N.E.2d 809 (2d Dist. 1992). Landlords out of possession of the property can still be found liable for injuries caused by animals owned and kept on the leased premises where the landlord has knowledge of the dangerous animal but fails to take any action to have the animal removed or confined. *Id.*

> The Court agrees with Defendant Haynes that she did not harbor the dog in question, did not know about the dog, and that she did not know about the dog's vicious tendencies. The Court finds that Defendant Haynes has set forth facts to establish that she had no knowledge of the dog or the viciousness of the dog. Defendant Haynes testified that she had only been to the property once since January 2015, but she did not see any dogs. * * * Defendant Haynes denied knowing any incident involving Defendant Hughes' dogs prior to this case.

> * * *

> Even though Plaintiffs set forth a report issued by the dog warden, there is nothing in the report to suggest that Defendant Haynes knew of this incident, or that a copy of the report was sent to Defendant Haynes. While summary judgment is not appropriate where the resolution of a factual dispute depends in part upon the credibility of the witness, in this case, viewing the evidence in a light most favorable to Plaintiffs, the Court finds that there is no issue remain [sic] for trial on whether Defendant Haynes is negligent.

(Internal citations omitted.) (Decision and Entry at 7-10.)

## II. ASSIGNMENTS OF ERROR

{¶ 11} Appellant appeals, assigning the following as error:

> [I.] The trial court erred when it (1) allowed Appellee to attach new evidence and make new arguments in her reply in support of summary judgment; (2) denied Appellants' motion to strike and for leave to file a sur reply; and (3) relied on the new evidence and arguments in its decision granting summary judgment.

[II.] The trial court erred by admittedly making a disputed credibility determination in its summary judgment order.

[III.] The trial court erred by deciding a question of material fact that was at issue i.e., whether Appellee was a landlord and as such whether Appellee was a harborer of the dog.

[IV.] The trial court erred by finding (1) the statute of frauds did not apply to leases for residential property; and (2) oral leases created transferred possession and control of a premise, and concluding therefrom that Appellee was a landlord and not a harborer of the dog.

[V.] The trial court erred by dismissing Appellants' negligence claim without addressing their argument that Appellee had at least implied knowledge that a vicious dog lived on her residential property.

[VI.] The trial court erred by not addressing Appellants' argument that Appellee was a keeper of the dog.

## III. DISCUSSION

{¶ 12} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.,* 123 Ohio App.3d 158, 162 (4th Dist.1997). *See also Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Bank Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). *See also Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶ 13} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving party does not

discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* Once the moving party has supported its contention that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, the burden is on the nonmoving party to go beyond the "mere allegations or denials of the party's pleadings," and to set forth specific facts, by affidavit or by other appropriate evidence, "showing that there is a genuine issue for trial." Civ.R. 56(E). *Munday v. Village of Lincoln Hts.,* 1st Dist. No. C-120431, 2013-Ohio-3095, ¶ 17.

{¶ 14} "There are two bases for recovery in Ohio for injuries sustained as a result of a dog bite: common law and statutory." *Beckett v. Warren,* 124 Ohio St.3d 256, 2010-Ohio-4, ¶ 7. R.C. 955.28(B) imposes strict liability on the owner, keeper, or harborer of a dog for any injury, death, or loss to person or property that is caused by the dog, subject to certain exceptions. R.C. 955.22(C)(1) provides that the owner, keeper, or harborer of the dog should keep the dog physically confined or restrained on the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape. In a "common law action for bodily injuries caused by a dog, a plaintiff must show that (1) the defendant owned or harbored the dog, (2) the dog was vicious, (3) the defendant knew of the dog's viciousness, and (4) the dog was kept in a negligent manner after the keeper knew of its viciousness." *Beckett.*

{¶ 15} An owner is the person to whom the dogs belong and the keeper is the one having physical charge or care of the dogs. *Hilty v. Topaz,* 10th Dist. No. 04AP-13, 2004-Ohio-4859, ¶ 8. To determine whether a person is a "harborer" of a dog, "the focus shifts from possession and control over the dog to possession and control of the premises where the dog lives." *Id.* A harborer is one who is in possession and control of the premises where the dog lives and silently acquiesces in the dog being kept there by the owner. *Id.*

{¶ 16} "Generally, a landlord will not [be] held responsible for injury caused by a tenant's dog so long as the tenant is in exclusive possession and control of the premises." *Morris v. Cordell,* 1st Dist. No. C-150081, 2015-Ohio-4342, ¶ 11, citing *Good v. Murd,* 6th Dist. No. L-13-1235, 2014-Ohio-2216, ¶ 10; *Kovacks v. Lewis,* 5th Dist. No. 2010 AP 01

0001, 2010-Ohio-3230, ¶ 28. Absent a contrary agreement, a lease agreement transfers both occupation and control of the subject premises to the tenant. *Hilty* at ¶ 9. If the leased premises consist of a single-family home, a presumption exists that the tenant possesses and controls the entire property. *Morris* at ¶ 11, citing *Richeson v. Leist*, 12th Dist. No. CA2006-11-138, 2007-Ohio-3610, ¶ 13; *Engwert-Loyd v. Ramirez*, 6th Dist. No. L-06-1084, 2006-Ohio-5468, ¶ 11. Importantly, "routine and common acts conducted by a landlord, such as making repairs, paying taxes, insuring the structure, and the like, do not constitute the control necessary to establish liability." *Morris* at ¶ 14, citing *Richeson* at ¶ 15.

## A. FIRST ASSIGNMENT OF ERROR—MOTION TO STRIKE AND SUR REPLY

{¶ 17} In the first assignment of error, appellant argues that the trial court erred when it: (1) allowed appellee to attach new evidence, and make new arguments in her reply in support of summary judgment; (2) denied appellants' motion to strike and for leave to file a sur reply; and (3) relied on the new evidence and arguments in its decision granting summary judgment. Appellant argues that appellee attached a lease and affidavit for the very first time in her reply in support of summary judgment, and made new arguments considering the authenticity of the alleged lease and its legal implications. The record shows that the affidavit and lease agreement were filed on December 5, 2016, as a stand-alone document, and the next day were attached as an exhibit to appellee's memo contra to appellants' motion for leave to file an amended complaint. Appellants claim that the trial court should have granted appellants' motion to strike or leave to file a sur reply.

{¶ 18} A trial court exercises discretion in its decisions whether to exclude or admit additional evidence into the record, and therefore the standard of review on appeal is whether the trial court committed an abuse of discretion that amounted to prejudicial error. *State v. Cassel*, 2d Dist. No. 26708, 2016-Ohio-3479, ¶ 13, citing *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, ¶ 19. "Typically, a reply brief should not set forth new arguments. Allowing new arguments in a reply brief denies respondents the meaningful opportunity to respond. As we have stated, '[r]eply briefs are usually limited to matters in rebuttal, and a party may not raise new issues for the first time.' " *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. No. 10CA009798, 2011-Ohio-1529, ¶ 15. Here, no new arguments have been made, instead, a document, which appellee previously testified existed and which supports her deposition testimony, was ultimately located and produced.

{¶ 19} The Fifth District Court of Appeals handled a similar scenario recently in *Bank of N.Y. Mellon v. Crates*, 5th Dist. No. 15-CA-70, 2016-Ohio-2700, ¶ 21. In *Crates*, the appellants sought an appeal because the appellees provided a piece of evidence (an affidavit) for the first time attached to the reply to their motion for summary judgment. The court stated, "appellee did not assert a new argument in its reply; rather, the affidavit clarified the issue." *Id.* Similarly to *Crates*, here, appellee has not raised any new arguments. Rather, the attachment of the lease clarified the issue of the landlord-tenant relationship.

{¶ 20} Additionally, the submitted written lease agreement was properly identified and authenticated. If a document, i.e., the lease agreement, does not fall into the list of materials enumerated in Civ.R. 56(C), it can only be introduced as proper evidentiary material when it is incorporated by reference in an affidavit. *Bass-Fineberg Leasing, Inc. v. Keller*, 8th Dist. No. 96107, 2011-Ohio-3989, ¶ 11-12, citing *Biskupich v. Westbay Manor Nursing Home*, 33 Ohio App.3d 220 (8th Dist.1986). The written lease agreement was properly submitted into evidence and could have rightfully been considered by the trial court.

{¶ 21} While the trial court could have granted appellants leave to file a sur reply, the decision to deny appellants' motion to file a sur reply/motion to strike was not an abuse of discretion. Appellants' first assignment of error is overruled.

## B. ASSIGNMENTS OF ERROR TWO AND THREE—CREDIBILITY—LANDLORD—HARBORER

{¶ 22} Appellants' second and third assignments of error present similar arguments with respect to the trial court's finding that appellee is a landlord and/or harborer. As such, these assignments will be addressed together. Appellants allege that this case turns on appellee's credibility, which appellants argue is questionable at best. In addition, appellants claim that the evidence presents a genuine issue of material fact as to whether appellee was a landlord and thus an issue exists as to whether appellee was harborer of the dog.

{¶ 23} In *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993), the Supreme Court of Ohio noted that concerns surrounding credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved. Appellants have not presented any instance where the credibility of appellee was called into question. *See Tolson v. Triangle Real Estate*, 10th

Dist. No. 03AP-715, 2004-Ohio-2640, ¶ 15. Civ.R. 56(C) permits the trier of fact to pierce formal allegations of facts in pleadings and grant relief by summary judgment when it appears from uncontroverted facts set forth in the affidavits and depositions, etc., that there are, as a matter of fact, no genuine issues for trial. *Id.* at ¶ 14-15, citing *Washington Cty. Farm Bur. Co-op Assn. v. B. & O. R. R. Corp.*, 31 Ohio App.2d 84, 90 (4th Dist.1972).

{¶ 24} The trial court listed the following reasons supporting its decision finding appellee to be a landlord. Appellee testified she used to live on the property until 2012, when she executed a lease agreement with Hughes; she has since moved to a new residence approximately 15 minutes away from the rental property; she testified she insures the property as a rental property; she pays for the property tax; she is responsible for repairs; and, finally, Hughes pays rent to live on the property. Considering all of those factors, the trial court determined appellee demonstrated she was a landlord. Nowhere in this reasoning did the trial court list the written lease agreement. In fact, all of the factors set forth came directly from appellee's deposition testimony which was conducted by appellants' counsel and for which counsel had the opportunity to cross-examine.

{¶ 25} Our review shows that the trial court properly determined appellee is the landlord of the property. The determination of which is not dependent on her credibility as a witness and, instead, is uncontroverted by the evidence supplied. Other than bare allegations on the face of the complaint, appellants have set forth no facts or evidence to contradict appellee's deposition testimony or the written lease provided. Pure speculation by appellants does not create a genuine issue of material fact in order to overcome summary judgment. *Zacks v. Beck*, 10th Dist. No. 04AP-1364, 2005-Ohio-4567, ¶ 29.

{¶ 26} In addition, the trial court properly determined appellee was not the harborer of the dog. For a landlord to be liable as a harborer for injuries inflicted by a tenant's dog, "the plaintiff must prove that the landlord permitted or acquiesced in the tenant's dog being kept in the common areas or areas shared by the landlord and tenant." *Stuper v. Young*, 9th Dist. No. C.A. 20900, 2002-Ohio-2327, ¶ 13. Regarding the relationship between a landlord and tenant, "it is well-established that a lease transfers both possession and control of the leased premises to the tenant." *Kovacks* at ¶ 29, citing *Richeson* at ¶ 25.

{¶ 27} Accordingly, "[i]f the tenant's dog is confined only to the tenant's premises, the landlord cannot be said to have possession and control of the premises on which the

dog is kept." *Kovacs* at ¶ 29, citing *Godsey v. Franz*, 6th Dist. No. 91 WM000008 (Mar. 13, 1992). Nothing in the lease or in appellants' deposition establishes an issue of fact as to whether or not she had possession and control of the property. Notably, Ohio courts have previously held that where the leased property at issue consists of a single-family residence, as in this case, situated on a normal sized city lot, there is a presumption that the tenants possessed and controlled the entire property. *Richeson* at ¶ 13.

{¶ 28} Based on our review of the evidence before the trial court, appellant did not harbor the dog in question; did not know about the dog; and did not know about the dog's vicious tendencies. Appellant testified that she had only been to the property once since January 2015, and did not see any dogs. Appellants have not set forth any evidence to suggest appellee was aware of or interacted with the dog, and the trial court properly found that appellee was a landlord out of possession and, therefore, was not a harborer of the dog. Appellants' second and third assignments of error are overruled.

## C.  ASSIGNMENT OF ERROR FOUR—STATUTE OF FRAUDS—ORAL LEASES

{¶ 29} In the fourth assignment of error, appellants argue that the trial court erred by finding (1) that the statute of frauds did not apply to leases for residential property, and (2) that oral leases can create transferred possession and control of a premise and concluding therefrom that appellee was a landlord and not a harborer of the dog.

{¶ 30} In the first assignment of error, we have ruled that the written lease agreement between appellants and Hughes was properly before the trial court. As such, because a written agreement exists and was properly introduced into evidence, appellants' argument is irrelevant. However, even if we were to disregard the written lease agreement, a landlord-tenant relationship can exist under an oral agreement.

{¶ 31} Appellants argue that the Statute of Frauds precludes an oral lease agreement. While still true with respect to commercial lease agreements, this is no longer the case for residential leases. R.C. Chapter 5321 governs the relationships between landlords and tenants with regard to rental agreements pertaining to residential premises and supersedes all prior Ohio law concerning the rights and obligations encompassed by this chapter of the code and provides the exclusive remedies now available to landlords and tenants. *Laster v. Bowman*, 52 Ohio App.2d 379 (8th Dist.1977), paragraph one of the syllabus.

{¶ 32} R.C. 5321.01(D) defines a rental agreement as "any agreement or lease, written or oral, which establishes or modifies the terms, conditions, rules, or any other provisions concerning the use and occupancy of residential premises by one of the parties." A landlord-tenant relationship can exist under an oral agreement. *Morris* at ¶ 14, citing *Ramsdell v. Ramsdell*, 6th Dist. No. L-12-1113, 2013-Ohio-409, ¶ 14. "In order to establish the existence of a landlord-tenant relationship, appellant must demonstrate that he occupied all or part of appellee's house to the exclusion of others under a written or oral rental agreement." *Ramsdell* at ¶ 12.

{¶ 33} The trial court properly found appellee to be the out of possession landlord of the property. An out of possession landlord will not be held responsible for injury caused by a tenant's dog so long as the tenant is in exclusive possession and control of the premises. Appellants' fourth assignment of error is overruled.

## D.  FIFTH ASSIGNMENT OF ERROR—IMPLIED KNOWLEDGE

{¶ 34} Appellants argue that the trial court erred by dismissing appellants' negligence claim without addressing their argument that appellee had at least implied knowledge that a vicious dog lived on her residential property. A person is deemed to have constructive or implied knowledge if that person has "knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge." *Thames v. Asia's Janitorial Serv.*, 81 Ohio App. 3d 579, 587 (6th Dist.1992).

{¶ 35}  The trial court properly determined appellee was unaware of the dog's alleged viciousness prior to the incident. Despite appellants' argument to the contrary, the trial court considered and dismissed the possibility that appellee had implied knowledge of the dog's alleged viciousness. The trial court found that:

> The Court agrees with Defendant Haynes that she did not harbor the dog in question, did not know about the dog, and that she did not know about the dog's vicious tendencies. The Court finds that Defendant Haynes has set forth facts to establish that she had no knowledge of the dog or the viciousness of the dog.

(Decision and Entry at 9.) Our review shows that there was no evidence at all to suggest appellee had any knowledge whatsoever concerning the dog or even any knowledge that would prompt her to make further inquiry. Appellants' fifth assignment of error is overruled.

### E. ASSIGNMENT OF ERROR SIX—KEEPER

{¶ 36} Appellants allege that the trial court erred by not addressing their argument that appellee was a keeper of the dog. The facts show that appellee was not the keeper of the dog. We examined the word "keeper" in the context of a dog bite in *Lewis v. Chovan*, 10th Dist. No. 05AP-1159, 2006-Ohio-3100, ¶ 12. The *Lewis* court stated, "A 'keeper' is 'one that keeps something (as by watching over, guarding, maintaining, supporting, restraining).' " *Id.*, citing to Webster's Third International Dictionary, 1236 (1961). "Consistent with this definition, this court has defined the word 'keeper' in the context of R.C. 955.28(B) as 'one having physical charge or care of the dogs.' " *Id.*, citing *Garrard v. McComas*, 5 Ohio App.3d 179, 182 (10th Dist.1982). Appellee testified that she was not aware of the existence of the dog let alone having physical charge or care of the dog. Appellants have not directed the court to any evidence to suggest otherwise. The trial court's decision clearly found appellee was unaware of the dog. As such, she could not be its keeper. Appellants' sixth assignment of error is overruled.

{¶ 37} Our de novo review shows that the trial court was correct in granting summary judgment for appellee because appellants introduced no relevant evidence to show that the trial court erred in finding that appellee was a landlord, and not the owner, keeper, or harborer of the dog, nor was she negligent. In addition, the trial court did not abuse its discretion in denying appellants' motion to file a sur reply or motion to strike. Appellants failed to set forth specific facts, by affidavit or by other appropriate evidence, showing that there is a genuine issue for trial. Civ.R. 56(E).

## IV. DISPOSITION

{¶ 38} Having overruled appellants' six assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, P.J. and DORRIAN, J., concur.

———————————