[Cite as *H.W. v. Young*, 2020-Ohio-1384.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

H.W.,                                          :

    Plaintiff-Appellant,              :

                                       :          No. 108612

    v.                                 :

MARVIN ODELL YOUNG, JR., ET AL.,   :

    Defendants-Appellees.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  April 9, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-877618

---

### *Appearances:*

Michael P. Maly Co., L.P.A., and Michael P. Maly, *for appellant.*

Rawlin Gravens & Pilawa Co., L.P.A., Dennis M. Pilawa and Kimberly A. Brennan, *for appellee* Katie Davis; Ritzler, Coughlin & Paglia, Ltd., and Thomas M. Coughlin, *for appellee* Annanette West.

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant H.W., a minor child, through his mother and natural guardian Terina Dulaney-Wilson ("Wilson"), appeals several judgments of

the Cuyahoga County Court of Common Pleas arising from a personal injury action against defendants-appellees, Katie H. Davis ("Davis"), and Annanette Young-West ("West"). We affirm.

## I. Background and Facts

{¶ 2} On March 20, 2017, H.W. filed a complaint seeking damages for injuries suffered on November 12, 2014, when he was attacked by a pit bull terrier breed dog while playing with friends in the backyard of their single-family home in Cleveland Heights, Ohio (the "property"). H.W., who was eight years old at the time of the attack, suffered serious injuries and endured several surgeries.

{¶ 3} The complaint named Davis as the owner and lessor of the property. Dog owner Marvin O. Young, Jr. ("Young") and his mother, West, are the named lessees of the property. Also named is Carletha Woody ("Woody") who occupied the property with Young and Woody's two minor children.

{¶ 4} The first cause of action is under R.C. 955.28, known as the dog bite statute, a strict liability statute that establishes liability without regard to fault or negligence of the dog's owner except where the injured person was trespassing on the property of the dog's owner or teasing the dog. The second cause is for common law negligence. In August 2017, H.W. amended the complaint to add a third cause of action for negligence per se for violating Cleveland Heights Municipal Ordinances 505.091 ("CHMO 505.091"), regulating proper control and confinement of a vicious dog.

**{¶ 5}** Davis's motion for summary judgment was granted by the trial court. H.W. filed motions for partial summary on the issue of liability against Young, Woody, and West. The trial court denied the motions against West and Woody and granted the motion against Young as the owner of the dog, for violating CHMO 505.091 and found that H.W. was not trespassing or teasing the dog.

**{¶ 6}** With liability determined, the case proceeded to trial on the issue of damages against Young and Woody[1] and on strict liability and damages against West. H.W. claimed that West, as the lessee of the property, was liable under R.C. 955.28 as a harborer of the dog as a matter of law. The trial court denied H.W.'s motion for a directed verdict under Civ.R. 50(A) on the issue.

**{¶ 7}** The jury verdict was rendered, and findings journalized:

> Judgment entered in favor of defendant Annanette West against plaintiffs. Judgment further entered in favor of plaintiffs against defendants Marvin Odell Young, Jr. and Carletha Woody. Motion to award proven economic damages submitted orally after verdict. Court finds the motion well-taken. Judgment is hereby further rendered in favor of plaintiff against defendants Young and Woody in the amount of $31,500 in economic damages and $100,000.00 in noneconomic damages. Costs to defendants Young and Woody.

Judgment entry No. 107786722, p. 1. (Mar. 11, 2019).

**{¶ 8}** Damages in the amount of $100,000 for noneconomic damages was awarded against Young and Woody and additur was granted for $31,500 in economic damages. The jury determined that West was not a harborer of the dog and therefor was not liable. The trial court denied H.W.'s motion for judgment

---

[1] Woody stipulated to liability prior to trial.

notwithstanding the verdict, Civ.R. 50(B), or for a new trial, Civ.R. 59(A), against West.

**{¶ 9}** H.W. appeals.

## II. Assignments of Error

**{¶ 10}** H.W. assigns three errors:

I.  The trial court erred in granting defendant-appellee Katie Davis's motion for summary judgment on the basis that she was not a harborer of the dog, where she could have been found liable under the common law negligence cause of action irrespective of not being a harborer.

II.  The trial court erred in denying plaintiff-appellant's motion for directed verdict against defendant-appellee Annanette West, where plaintiff-appellant was entitled to judgment as a matter of law under R.C. 955.28.

III.  The trial court erred in denying plaintiff-appellant's judgment notwithstanding the verdict, where the evidence was legally not sufficient to sustain the jury's verdict in favor of defendant-appellee Annanette West, and plaintiff-appellant was entitled to judgment as a matter of law.

## III. Discussion

### A. Trial Court's Grant of Davis's Motion for Summary Judgment

### 1. Standard of Review

**{¶ 11}** Our review of a trial court's grant of summary judgment under Civ.R. 56(C) in favor of the moving party is reviewed de novo. *Hendry v. Lupica*, 8th Dist. Cuyahoga No. 105839, 2018-Ohio-291, ¶ 6, citing *Beswick Group N. Am., L.L.C. v. W. Res. Realty, L.L.*C., 8th Dist. Cuyahoga No. 104330, 2017-Ohio-2853, ¶ 12. We conduct "an independent review of the record" and draw our "own

conclusions." *Id.* at *id.* Summary judgment is appropriate "only where it is apparent from the appropriately submitted evidence and arguments that no material question of fact remains in dispute and a party is entitled to judgment as a matter of law that summary judgment is appropriate." *Id.*, citing *Camardo v. Reeder*, 8th Dist. Cuyahoga No. 80443, 2002-Ohio-3099, ¶ 11. "The evidence must be viewed in a light favorable to the nonmoving party, and all reasonable inferences must be afforded to that party." *Id.* at *id.*

{¶ 12} We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following is established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(E).

{¶ 13} The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of

material fact exists." *Willow Grove, Ltd. v. Olmsted Twp.*, 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 15 (8th Dist.), citing *Dresher*. "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove* at ¶ 15, citing *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

### 2. Analysis

{¶ 14} The dog bite statute provides in pertinent part:

> The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit criminal trespass or another criminal offense other than a minor misdemeanor on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense other than a minor misdemeanor against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property.

R.C. 955.28(B).

{¶ 15} "The terms 'owner,' 'harborer,' and 'keeper' are not statutorily defined, but rather we refer to case law for their definitions." *Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909, ¶ 14. "[A] 'harborer' is one who 'has possession and control of the premises where the dog lives, and silently acquiesces to the dog's presence.'" *Id.*, citing *Khamis v. Everson*, 88 Ohio App.3d 220, 226, 623 N.E.2d 683 (2d Dist.1993), citing *Flint v. Holbrook*, 80 Ohio App.3d 21, 25, 608 N.E.2d 809 (1992).

{¶ 16} CHMO 505.091 "Vicious Dogs" provides in part that "[n]o person owning, harboring or having the care or control of a vicious dog shall suffer or permit

such animal to go unconfined on the premises of such person." The ordinance further provides:

(c) Definitions.

(1) A vicious dog is "unconfined" as the term is used in this section if such dog is not confined on the premises of the person described in subsection (a) hereof as follows:

A. If the dog is outside, it must be in a securely enclosed pen or dog run area which has secure sides and a secure top attached to all sides, and which has a secure floor or bottom attached to all sides of the pen or which is embedded in the ground no less than two (2) feet. Such pen or dog run area shall be locked with a key or combination lock at all times when the animal is within the structure.

*Id.*

{¶ 17} Davis states that her motion for summary judgment was filed prior to H.W.'s first amended complaint that added the Cleveland Heights Municipal Ordinance cause of action. Davis explained in the reply brief that she did not include an additional argument for the added cause of action because the same arguments applied to the new claim. The trial court agreed with Davis's rationale and ruled that Davis was not liable because she did not have possession and control of the property when the incident occurred as required to constitute harborer status.

{¶ 18} The record reflects that Davis and West have been friends for more than 30 years. Davis relocated to Alabama and used the property for rental income. Davis leased the property to Young and Woody, the harborers and owners of the

dog, at West's request after the previous tenant was evicted.[2] West signed a lease to guarantee Young's rental payments but the parties never intended that West reside at the property. The sole residents were Woody, Young, and the two minor children.

{¶ 19} H.W. does not dispute that the status of harborer is required for liability under the dog bite statute and the CHMO 505.091 vicious dog ordinance but argues that Davis, as the owner and lessor of the property, could still be liable under common law negligence principles. Specifically, H.W. claims that Davis had "a duty to ensure that the containment system for the [d]og on the [p]roperty, including but not limited to the fence" that "Davis constructed, was in compliance with applicable regulations and safety standards, that she breached that duty, and her negligence was the proximate cause of [H.W.]'s injuries." Appellant's reply brief, p. 1.

{¶ 20} It is undisputed that a plaintiff may seek recovery both under the dog bite statute and for common law negligence. *Weisman v. Wasserman*, 8th Dist. Cuyahoga No. 105793, 2018-Ohio-290, ¶ 9, citing *Warner v. Wolfe*, 176 Ohio St. 389, 393, 199 N.E.2d 860 (1964). The Weisman plaintiffs sued the tenant-owner of the dog and Wasserman, the off-site landlord of the rental property.

{¶ 21} As we observed in *Weisman*, contrary to H.W.'s position, harboring is an element under both the statute and the common law. "[U]nder the strict

---

[2] In addition to filing an answer in this case, Davis cross-claimed against Young, Woody, and West. Davis claimed that any liability on her part be deemed proportionate to the negligence of the joint tortfeasor defendants. Alternatively, Davis requested full and complete indemnification by those defendants.

liability statute, R.C. 955.28(B), the [plaintiffs] are required to show that [the landlord] harbored the dog. Under common law, the [plaintiffs] must show [that the landlord] harbored the dog with knowledge of its vicious tendencies." *Id.*, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 708 N.E.2d 285 (8th Dist.1998).

{¶ 22} In *Lopiccolo v. Vidal*, 8th Dist. Cuyahoga No. 97150, 2012-Ohio-4048, appellant argued that summary judgment in favor of the landlords under the dog bite statute and common law negligence was improper. Lopiccolo was attacked in her backyard by a dog owned by the tenants of the adjacent property. Lopiccolo offered that an issue of fact existed as to whether the landlords "'knew or should have known'" that the dog resided at the landlords' rental property and claimed that the landlords were "harborers" under the statute and common law. *Id.* at ¶ 5.

{¶ 23} We rejected Lopiccolo's argument:

"the determination as to whether a landlord is a harborer does not depend upon whether the landlord knew about the existence of the dog, but depends on whether the landlord permitted or acquiesced in the tenants dog being kept in common areas or in an area shared by both the landlord and the tenant." *Burgess v. Tackas*, 125 Ohio App.3d 294, 297, 708 N.E.2d 285 (8th Dist.1998). This is because "a lease transfers both possession and control of the leased premises to the tenant." *Id.* at 297-298. * * *

[R]egardless of whether the [landlords] knew or should have known that the dogs were on the property, they could not be harborers of the dog under Eighth District jurisprudence because they did not have possession and control of the property.

(Citations omitted.) *Lopiccolo* at ¶ 8-9.

{¶ 24} Davis resided in Alabama though she subsequently learned that the dog resided at the property. There is nothing in the record that indicates that the

dog had vicious tendencies.  Of critical importance is the fact that Davis did not have possession or control over the property.

> A landlord out of possession is generally not the harborer of a tenant's dog for the purposes of dog bite liability.  *Hall v. Zambrano*, 9th Dist. Wayne No. 13CA0047, 2014-Ohio-2853, ¶ 10.  * * * When the property at issue consists of a single-family residence situated on a normal-sized city lot, there is a presumption that the tenants possess and control the entire property.  *Young [v. Robson Foods*, 9th Dist. Lorain No. 08CA009499, 2009-Ohio-2781,] at ¶ 7.  *See also Good v. Murd,* 6th Dist. Lucas No. L-13-1235, 2014-Ohio-2216, ¶ 10 ("The yard of a single-family home is considered to be part of the tenant's property to possess and control.").  A landlord is not deemed to be in possession and control of the premises simply because she retains the right to inspect them.  *Young* at ¶ 10.

*Brown v. Terrell*, 2018-Ohio-2503, 114 N.E.3d 783, ¶ 13 (9th Dist.).

{¶ 25} H.W. offers that A*pplegate v. Pizzurro*, 10th Dist. Franklin No. 86AP-1084, 1987 Ohio App. LEXIS 7441 (June 9, 1987), supports his position.  In *Applegate*, the adult son owned the dog and resided at the property that he co-owned with his father.  The father did not reside at the property and rented his interest to the son.

{¶ 26} The dog escaped the fenced yard, allegedly due to a broken gate latch, and attacked the plaintiff who sued father and son under the dog bite statute and for common negligence. The father testified that he stopped by the property occasionally to care for the dog when the son was out of town and to help his son with repairs.  The court determined that genuine issues of material fact existed as to whether the father actually repaired the gate and, if so, whether the repair was

negligently performed by the father and was the proximate cause of the injuries. *Id.* at *5. The liability did not attach to the father due to his landlord status.

{¶ 27} As Davis recognizes in her appellate brief, Ohio courts have long-determined that "a landlord out of possession is not the harborer of a tenant's dog for purposes of dog bite liability." Appellee's brief, p. 8. Davis was not a harborer of the dog. In addition, the incident occurred in the fenced backyard and the dog was attached to a chain when the attack occurred. Further, a landlord's performance of certain acts does not equate to control:

> Courts have further stated that "routine and common acts conducted by a landlord, such as making repairs, paying taxes, insuring the structure, and the like, do not constitute the control necessary to establish liability." *Morris* [*v. Cordell*, 1st Dist. Hamilton No. C-150081, 2015-Ohio-4342] at ¶ 14. *See also Richeson* [*v. Leist*, 12th Dist. Warren No. CA2006-11-138, 2007-Ohio-3610] at ¶ 15 (including the power to evict and the authority to approve or disapprove structural changes as routine and common acts that do not constitute "control" for purposes of liability in tort.); *Martin v. Lambert*, 2014-Ohio-715, 8 N.E.3d 1024, ¶ 24. Instead, "'[t]he control necessary as the basis for liability in tort implies the power and the right to admit [people to the property] and to exclude people [from it].'" *Prindle v. Weslea*, 9th Dist. Summit No. 9997, 1981 Ohio App. LEXIS 12358, *3 (June 17, 1981), quoting *Cooper v. Roose*, 151 Ohio St. 316, 319, 85 N.E.2d 545 (1949). *See also Kovacks v. Lewis*, 5th Dist. Tuscarawas No. 2010 AP 01 0001, 2010-Ohio-3230, ¶ 27 ("The hallmark of control is the ability to advent [sic] or to exclude others from the property.").

*Brown*, 2018-Ohio-2503, 114 N.E.3d 783, at ¶ 13.

{¶ 28} In the absence of "evidence that the landlord has retained possession and control of the premises," knowledge alone "that a tenant is keeping a dog on the leased premises * * * does not support a finding that the landlord harbored the dog." *Id.* at ¶ 15, citing *Coontz v. Hoffman*, 10th Dist. Franklin No. 13AP-367, 2014-Ohio-

274, ¶ 24, and *Young v. Robson Foods*, 9th Dist. Lorain No. 08CA009499, 2009-Ohio-2781, at ¶ 11 (observing that when the landlord did not have possession and control of the property, it is immaterial whether the landlord acquiesced in the dog's presence).

{¶ 29} We also note that CHMO 505.091 imposes liability on a person that owns, harbors, or has care or control of a vicious dog. CHMO 505.091(a). Thus, Davis is not negligent per se under the local ordinance.

{¶ 30} The first assignment of error is overruled.

## B. Liability of West under R.C. 955.28

{¶ 31} For the second and third assigned errors, H.W. argues entitlement to a directed verdict and to a judgment notwithstanding the verdict, or in the alternative for a new trial, as a matter of law under R.C. 955.28 against lease guarantor West.

### 1. Standards of Review

{¶ 32} Motions for a directed verdict and for judgment notwithstanding the verdict test the sufficiency of the evidence as a matter of law. *Zappola v. Rock Capital Sound Corp.*, 8th Dist. Cuyahoga No. 100055, 2014-Ohio-2261, ¶ 63; *Lang v. Beachwood Pointe Care Ctr.*, 2017-Ohio-1550, 90 N.E.3d 102, ¶ 11 (8th Dist.), citing *McKenney v. Hillside Dairy Co.*, 109 Ohio App.3d 164, 176, 671 N.E.2d 1291 (8th Dist.1995), and *Austin v. Chukwuani*, 2017-Ohio-106, 80 N.E.3d 1199, ¶ 19 (8th Dist.).

{¶ 33} We review questions of law de novo. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34. The tests for both motions are the same:

> The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for a directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.

(Citations omitted.) *Posin v. A. B. C. Motor Court Hotel, Inc.*, 45 Ohio St.2d 271, 275, 344 N.E.2d 334 (1976); Civ.R. 50(A)(4).

{¶ 34} H.W.'s motion for a new trial was filed pursuant to Civ.R. 59(A)(6) and (7) providing for a new trial where the judgment against the weight of the evidence or is contrary to law. "We review a trial court's judgment on a Civ.R. 59 motion for a new trial under the abuse of discretion standard." *Zappola*, 8th Dist. Cuyahoga No. 100055, 2014-Ohio-2261, ¶ 65, citing *Rybak v. Main Sail, LLC*, 8th Dist. Cuyahoga No. 96899, 2012-Ohio-2298, citing *McWreath v. Ross*, 179 Ohio App.3d 227, 2008-Ohio-5855, 901 N.E.2d 289 (11th Dist.).

{¶ 35} When deciding whether to grant a new trial, a trial court must:

> "'must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence.'"

*Zappola* at ¶ 67, quoting Civ.R. 59(A)(6).

## 2. Discussion

{¶ 36} The trial court determined:

> Plaintiff maintains that defendant Young's mother, defendant West, is legally liable for the injuries incurred by plaintiff as a harborer of the dog. Plaintiff argues that by signing the lease, defendant West automatically had possession and control of the property where the dog lives, irrespective of whether or not she lived at the property or exhibited actual control or possession. Since a harborer is defined as "one who has possession and control of the premises where the dog lives and silently acquiesces to the dog's presence," defendant, by legal construct, satisfied this burden and must be found liable as a harborer. *See Burrell v. Iwenofu*, 8th Dist. [Cuyahoga] No. 81230, 2003-Ohio-1158, ¶ 14.
>
> In the March 2, 2018, decision denying plaintiff's motion for summary judgment against defendant West, the court found that "there is a genuine issue of material fact as to whether defendant West is a 'harborer' of the dog and, in turn, subject to liability." In a separate section of that same decision, this court also stated that "a lease transfers both possession and control of the leased premises to the tenant" citing *Lopiccolo v. Vidal*, 8th Dist. [Cuyahoga] No. 97150, 2012-Ohio-4048, ¶ 8. Plaintiff emphasizes this fact in arguing that defendant West is legally liable.

Journal entry No. 108400693, p. 1-2 (May 1, 2019).[3]

{¶ 37} However, the trial court elucidated:

> There is an important distinction to be clarified, one that is properly argued by defendant West. A critical difference exists between the right of possession and control, and exercising possession and control. To possess a property means to use or occupy it. *Parker v. Sutton*, 72 Ohio App.3d 296, 298[, 594 N.E.2d 659] (6th Dist.1991). Furthermore, the hallmark of control is the ability to admit or exclude others from the property. *Flint v. Holbrook,* 80 Ohio App.3d. 21, 26, 608 N.E.2d 809 (2nd Dist.1992). Although the lease confers the right of possession, defendant West did not exhibit the possession and control necessary to

---

[3] File stamped 2019, although the footer on the journal entry is dated Apr. 23, 2019, and judge did not date it next to the signature.

satisfy the definition of a harborer. The jury reasonably reached the rendered verdict.

Plaintiff's legal argument was previously denied in the court's motion for summary judgment decision. The court shall remain consistent in its legal analysis. Further, the court will not disturb the unanimous jury verdict issued in favor of defendant West. For the foregoing reasons, plaintiff's motion for judgment notwithstanding the verdict or in the alternative motion for a new trial, filed April 3, 2019, is denied.

*Id.* at p. 2.

**{¶ 38}** West testified that she has lived at the same Cleveland address for more than 35 years and has never resided at the property. West and Davis met in nursing school and have been good friends for more than 32 years. Davis rented the property to Young at West's request. "[S]o I approached [Davis] about" whether Woody and Young "could stay there, and I would sign an agreement with her, but for the first year only, so that if they didn't pay, that I would make it up. It was only for that one year only." (Tr. 9.) West did not have a key, did not pay rent, and visited her family at the property only once or twice per month due to her 12-hour work schedule. H.W. and Woody's children were friends.

**{¶ 39}** The dog was acquired as a puppy after Woody and Young moved in and was kept in the fenced backyard with a locked gate bearing a "Beware of Dog" sign. West purchased the sign for Young and Woody to let others know that there was a dog on the property behind the fence and not because of a danger concern. The dog was usually attached to a long, thick chain. West's son Young had been living at the property about two years when the incident occurred.

{¶ 40} The evidence in the record is sufficient to rebut the presumption that West was a harborer or exercised possession or control under the lease. *See Brown,* 2018-Ohio-2503, 114 N.E.3d 783, ¶ 13. "Although the lease confers the right of possession, defendant West did not exhibit the possession and control necessary to satisfy the definition of a harborer." Journal entry No. 108400693, p. 2 (May 1, 2019).[4]

{¶ 41} Construing the facts most favorably to H.W., the trial court's denial of the motion for a directed verdict and for judgment notwithstanding the verdict was not in error. We also find that the trial court's judgment is not against the weight of the evidence and thus does not constitute an abuse of discretion. Finally, the trial court did not err as a matter of law.

{¶ 42} The second and third assignments of error are overruled.

## IV. Conclusion

{¶ 43} The trial court's judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[4] File stamped 2019, although the footer on the journal entry is dated Apr. 23, 2019, and judge did not date it next to the signature.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J.,  CONCUR